# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                Plaintiff,<br>and<br>KEVIN D. MCDOWELL,<br><br>                Intervenor-Plaintiff,<br>      v.<br>PARKER DRILLING COMPANY,<br><br>                Defendant. | Case No. 3:13-cv-00181-SLG |

## ORDER

Before the Court at Docket 85 is Parker Drilling's Motion to Compel EEOC's Production of Documents Bates Numbered EEOC 000001–000099, filed on August 4, 2014. Presently at issue are only three pages of documents, Bates numbered 000092, 000093, and 000095. The motion seeks the production of those documents and the awarding of fees and costs.[1] For the reasons discussed below, the motion will be granted in part and denied in part.

---

[1] Docket 85 (Def. Motion) at 15; Docket 116 (Def. Reply) at 14.

## BACKGROUND

On June 3, 2014, Parker Drilling served document production requests on the EEOC.[2] The EEOC responded on July 3, 2014.[3] The privilege log in effect at the time of the EEOC's response indicated that 99 pages of documents, Bates numbered 000001–000099, were withheld only under an asserted "conciliation" privilege.[4] The withheld documents were identified as including backpay calculations made by an EEOC investigator, Parker Drilling website content and job announcements, correspondence between Parker Drilling and the EEOC during conciliation efforts, internal EEOC correspondence, and interviews conducted with Mr. McDowell.[5] Parker Drilling filed its motion to compel the EEOC to produce the withheld documents on August 4, 2014.[6] The EEOC opposed the motion on August 21, 2014, taking the position that it could not lawfully release the documents without Mr. McDowell's and its own consent.[7] Parker

---

[2] Docket 85 (Def. Motion) at 5.

[3] *Id.* at 7–8.

[4] Docket 85 (Def. Motion) at 8; Docket 86-1 (Privilege Log) at 1–2.

[5] Docket 86-1 (Privilege Log) at 1–2.

[6] Docket 85 (Def. Motion) at 16.

[7] Docket 106 (Pl. Opp.) at 9 ("Because the Commission and Intervenor have not consented to such disclosure, the Commission cannot produce deliberative conciliation materials.").

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 2 of 18

Drilling replied on September 2, 2014.[8]  Oral argument was not requested and was not necessary to the Court's determination of the motion.

In its reply, Parker Drilling indicated that on August 28, 2014, the EEOC stated that "we have obtained the necessary consents to disclose non-privileged documents compiled during the conciliation phase of the Commission's charge processing" and turned over 96 pages of documents that the agency had initially withheld.[9]  The EEOC continues to withhold three documents, Bates numbered 000092, 000093, and 000095.[10]  In a revised privilege log, it continues to assert the conciliation privilege and adds combinations of the attorney-client and government deliberative process privileges.[11]  Those three pages are the only documents now at issue.

Parker Drilling seeks an order compelling the production of the remaining three documents.[12]  It asserts the conciliation privilege is inapplicable and that the EEOC waived the newly asserted privileges by failing to identify them in its initial privilege log.[13]  Parker Drilling also seeks its fees and costs associated with this motion to compel under Rule 37(a)(5)(A).[14]  It asserts that an award is appropriate in light of the EEOC having

---

[8] Docket 106 (Pl. Opp.) at 20; Docket 116 (Def. Reply) at 15.

[9] Docket 116 (Def. Reply) at 3.

[10] Docket 117-2 (Supp. Privilege Log) at 1.

[11] *Id.*

[12] Docket 116 (Def. Reply) at 14.

[13] *Id.* at 4–6.

[14] *Id.* at 6–14.

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 3 of 18

delayed disclosure of 96 pages of documents until after Parker Drilling filed its motion to compel.[15]

## DISCUSSION

I. **The conciliation privilege.**

42 U.S.C. § 2000e-5(b) provides in pertinent part that if the Commissioner determines after investigation that there is reasonable cause to believe an unlawful employment practice claim has merit,

> the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned.

### A. The public disclosure provision of § 2000e-5(b) does not prevent disclosures to Parker Drilling.

The public disclosure provision of § 2000e-5(b) provides that "[n]othing said or done during and as a part of [conciliation efforts] may be made public by the Commission . . . without the written consent of the persons concerned." Parker Drilling asserts that as a party to this case, it is not a member of the "public" to whom disclosure of conciliation documents is prohibited. It cites to the Supreme Court's holding in *EEOC v. Associated Dry Goods* for support.[16] There, the EEOC sought to administratively subpoena records from Associated Dry Goods, an employer.[17] Associated Dry Goods

---

[15] *Id.* at 14.

[16] Docket 85 (Def. Motion) at 10 (citing 449 U.S. 590, 598 (1981)).

[17] *Associated Dry Goods*, 449 U.S. at 593–94.

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 4 of 18

refused to produce the records unless it was assured that the EEOC would hold its records in absolute secrecy and not provide them to the charging parties.[18] The EEOC refused to agree, leading Associated Dry Goods to seek a declaration that the EEOC could not disclose the company's records to the charging parties.[19] In rejecting Associated Dry Goods' position, the Court held:

> [W]e have concluded that Congress did not include charging parties within the "public" to whom disclosure of confidential information is illegal under the provisions of Title VII here at issue. Section 706(b) states that "[c]harges shall not be made public." The charge, of course, cannot be concealed from the charging party. Nor can it be concealed from the respondent, since the statute also expressly requires the Commission to serve notice of the charge upon the respondent within 10 days of its filing. Thus, the "public" to whom the statute forbids disclosure of charges cannot logically include the parties to the agency proceeding.[20]

In a footnote appended to that passage, the Court also noted:

> The statute also forbids public disclosure of any matters arising in informal conciliation "without the written consent of the persons concerned." This phrase suggests that the parties, the "persons" whose consent would most obviously be necessary, are not members of the "public" to whom disclosure is forbidden.[21]

Here, it appears that the EEOC is not arguing that it is permitted to withhold conciliation materials from Parker Drilling under the public disclosure provision of

---

[18] *Id.*

[19] *Id.* at 594.

[20] *Id.* at 598 (internal citations and footnotes omitted).

[21] *Id.* at 598 n.13 (internal citation omitted).

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 5 of 18

§ 2000e-5(b).[22] Given the Supreme Court's interpretation in *Associated Dry Goods*, the Court finds that the public disclosure provision does not apply where a party such as Parker Drilling seeks conciliation documents from the EEOC.[23]

### B. The evidentiary provision of § 2000e-5(b) privileges some documents from discovery by Parker Drilling.

The evidentiary provision of § 2000e-5(b) provides that "[n]othing said or done during and as a part of [conciliation efforts] may be . . . used as evidence in a subsequent proceeding without the written consent of the persons concerned." The Ninth Circuit has not directly examined this provision. However, the Fifth Circuit has considered it in a line of cases cited by both parties.[24]

In *Branch v. Phillips Petroleum*, a defendant-employer subpoenaed the EEOC for all information in the EEOC's possession relating to a plaintiff-employee.[25] The EEOC was not a party to the underlying Title VII suit between the employee and employer.[26] The EEOC moved to quash the subpoena, citing § 2000e-5(b), but the district court ordered all of the information produced.[27] In reversing portions of the district court's order,

---

[22] *See* Docket 107 (Decl. of Flores) at 2 ¶ 4 (stating the EEOC recognized Parker Drilling as a "party in the case consistent with *Associated Dry Goods*" but that "it would not produce conciliation documents to either of the parties because the Commission had not received consent for disclosure as required by statute").

[23] *See also Olitsky v. Spencer Gifts, Inc.*, 842 F.2d 123, 126 (5th Cir. 1988) (citing *Associated Dry Goods*, 449 U.S. 590, 598) ("Olitsky is correct that the [public disclosure] section does not prevent disclosure by the EEOC of material to the parties to the agency proceeding.").

[24] *See* Docket 85 (Def. Motion) at 10; Docket 106 (Pl. Opp.) at 9, 14–16.

[25] 638 F.2d 873, 876 (5th Cir. 1981).

[26] *Id.* at 876.

[27] *Id.* at 876–77.

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 6 of 18

the Fifth Circuit examined the extent to which § 2000e-5(b) precluded discovery of "information obtained by the Commission during its efforts to conciliate."[28] The court held that "proposals and counter-proposals of compromise made by the parties during the Commission's efforts to conciliate" are not discoverable.[29] But it also held that "purely factual material related to the merits" of the employee's charge are not privileged and can be discovered.[30] The court emphasized that the determination of what materials are privileged "must be made by the court rather than the administrative agency asserting the privilege."[31]

In *Olitsky v. Spencer Gifts* ("*Olitsky I*"), the Fifth Circuit examined the use of an EEOC investigative file in a subsequent proceeding between Spencer Gifts and Olitsky, a former Spencer employee. The file included an investigator's handwritten notes recording Spencer's general counsel's partial admission of liability.[32] The court held that the employer's partial admission should not have been admitted into evidence because it was "exactly the kind of exchange among the parties and the EEOC that informal conciliation ought to encourage."[33] Noting *Branch*'s prohibition on the discovery of EEOC conciliation material, the court stated that "Section [2000e-5(b)] clearly prohibits any use of EEOC conciliation material in subsequent litigation, even by the parties to the agency

---

[28] *Id.* at 880.

[29] *Id.* at 881.

[30] *Id.*

[31] *Id.* at 883.

[32] 842 F.2d 123, 125 (5th Cir. 1988).

[33] *Id.* at 126–27.

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 7 of 18

proceeding."[34]

In the follow-up case of *Olitsky v. Spencer Gifts* ("*Olitsky II*"), the court examined whether a position letter that Spencer had sent to the EEOC during the EEOC's investigation of a discrimination claim brought by Olitsky should have been admitted into evidence.[35] The court found that admission of the letter was not barred by § 2000e-5(b) because

> [the] letter set forth purely factual information and related Spencer's position on the merits of Olitsky's claim. The letter contained no reference to conciliation efforts between Spencer and the EEOC. Spencer neither made any offers of settlement nor responded to any such offers by the EEOC in the . . . letter.[36]

In summary, this Court interprets the Fifth Circuit cases to stand for the following propositions: (1) § 2000e-5(b) prohibits the use of conciliation materials in subsequent proceedings absent consent of the parties; (2) conciliation materials are "proposals and counter-proposals of compromise by the parties during the EEOC's efforts to conciliate";[37] and (3) the bar on "use[] as evidence" is expansive, encompassing both the discovery of evidence and the admissibility of that evidence.

Parker Drilling maintains that *Olitsky I* held that "42 U.S.C. § 2000e-5(b) does not prohibit disclosure by the EEOC of materials to the parties" but instead prohibits only their

---

[34] *Id.* at 126.

[35] 964 F.2d 1471, 1476 (5th Cir. 1992).

[36] *Id.* at 1477.

[37] *Id.* (quoting *Branch*, 638 F.2d at 881).

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 8 of 18

admission into evidence in subsequent proceedings.[38] Parker Drilling therefore moves the Court to compel the disclosure of all of the documents marked as "conciliation" by the EEOC. But while the *Olitsky* cases are focused on admissibility, the Fifth Circuit's holding in *Branch* protects conciliation documents against discovery to the parties, and not just their admission into evidence in court proceedings.[39] This Court is persuaded that the Fifth Circuit's interpretation in *Branch* of § 2000e-5(b) to preclude the mandatory disclosure of conciliation materials is correct. As the Fifth Circuit held, such a rule "promote[s] the congressional policy favoring unlitigated resolution of employment discrimination claims."[40]

The EEOC, for its part, maintains that *Olitsky II* should not be read so broadly so as to require "that EEOC must provide all documents gathered or created during conciliation that are not 'offers of settlement.'"[41] But the statute specifically protects only what is "said or done during and as a part of" conciliation efforts.[42] Only a very broad reading of "said or done" would permit the EEOC to withhold under § 2000e-5(b) factual material simply because it was produced during the conciliation process.[43] Here again, this Court finds the Fifth Circuit's analysis persuasive. The Court holds that only

---

[38] Docket 85 (Def. Motion) at 10.

[39] *See Branch*, 638 F.2d at 880–81.

[40] *Branch*, 638 F.2d at 880.

[41] Docket 106 (Pl. Opp.) at 16.

[42] 42 U.S.C. § 2000e-5(b).

[43] *Cf.* Fed. R. Ev. 408 advisory committee's note 1972 ("A party should not be able to immunize from admissibility documents otherwise discoverable merely by offering them in a compromise negotiation).
3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 9 of 18

proposals or counterproposals of compromise made by the parties during the Commission's efforts to conciliate are shielded from discovery by § 2000e-5(b).

### C. Application to documents in dispute.

The Court ordered the *in camera* submission of the three remaining disputed documents, Bates numbered 000092, 000093, and 000095.[44] Upon review, the Court finds that the documents numbered 000092 and 000093 are conciliation materials privileged from discovery under § 2000e-5(b) because they consist of "proposals and counter-proposals of compromise by the parties."[45] Document 000095 does not contain such materials, and therefore is not material to which the § 2000e-5(b) conciliation privilege applies.

## II. Additional privileges asserted as to document 000095.

Rule 26 states that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must: i) expressly make the claim; and ii) describe the nature of the document, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[46]

Here, the EEOC's initial privilege log listed only the conciliation privilege for document 000095.[47] However, its supplemental privilege log added the attorney-client

---

[44] *See* Docket 126 (Order).

[45] *See Olitsky II*, 964 F.2d at 1477 (quoting *Branch*, 638 F.2d at 881).

[46] Fed. R. Civ. P. 26(b)(5)(A).

[47] Docket 86-1 (Privilege Log) at 2.

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 10 of 18

and government deliberative process privileges as additional privileges applicable to document 000095.[48] Parker Drilling asserts that the EEOC has waived both of these privileges because it did not include them in its initial privilege log.[49]

The Ninth Circuit discussed privilege waivers in *Burlington Northern & Santa Fe Railway Co. v. U.S. District Court for the District of Montana*.[50] There, the defendant failed to produce a privilege log until five months after Rule 34's 30-day deadline and subsequently made changes to that log.[51] The plaintiff argued waiver, and the district court agreed.[52] The appellate court affirmed.[53] It held that when determining whether the failure to timely or adequately assert a privilege constitutes a waiver, a court should apply "a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process."[54] The Ninth Circuit set out four factors to consider:

> [1] the degree to which the objection or assertion of privilege enabled the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged . . . [2] the timeliness of the objection and accompanying information about the withheld documents . . . [3] the magnitude of the document production; and [4] other

---

[48] Docket 117-2 (Supp. Privilege Log) at 1.

[49] Docket 116 (Def. Reply) at 4–6.

[50] 408 F.3d 1142, 1149 (9th Cir. 2005).

[51] *Burlington*, 408 F.3d at 1149–50; *see* Fed. R. Civ. P. 34(b)(2)(A). The court explicitly rejected "a *per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit."

[52] *Burlington*, 408 F.3d at 1147.

[53] *Id.*

[54] *Id.* at 1149.

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 11 of 18

particular circumstances of the litigation that make responding to discovery unusually easy . . . or unusually hard.[55]

In this case, the EEOC had provided a timely privilege log but later asserted two additional privileges. Although not completely analogous, the Court finds the *Burlington* approach useful to evaluate the waiver issue presented.

The first *Burlington* factor is the degree to which the initial assertion of privilege enabled Parker Drilling and the court to evaluate whether the withheld documents were in fact privileged. Here, until the disputed documents were submitted for *in camera* review, they could not be adequately evaluated to determine the basis, if any, upon which they were privileged.[56]

The second *Burlington* factor is the timeliness of the objection and accompanying information about the withheld documents. Here, the EEOC had initially provided a privilege log that asserted only the conciliation privilege.[57] Nearly two months after its discovery response, on August 26, 2014, it asserted the two new privileges—after Parker Drilling had filed its motion to compel and the EEOC had filed a response that continued to assert only the conciliation privilege.[58]

The third *Burlington* factor considers the magnitude of the overall document production. This factor appears intended to grant leeway to parties who, due to the scale

---

[55] *Id.*

[56] *Cf. Branch*, 638 F.2d 873, 883 ("The EEOC . . . asserts that [plaintiff] has already received all the information to which it is entitled. However, this is a determination that must be made by the court rather than the administrative agency asserting the privilege.").

[57] Docket 85 (Def. Motion) at 8; *see* Docket 86-1 (Privilege Log) at 1–2.

[58] Docket 116 (Def. Reply) at 1–2.

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 12 of 18

of document production, serve an untimely or incomplete privilege log. Here, there is no indication that the scale of document production was a barrier to the EEOC's timely assertion of all applicable privileges.

The fourth *Burlington* factor permits the Court to consider any further circumstances that would make responding to a discovery request unusually easy or unusually hard. Although this circuit has not closely examined § 2000e-5(b), the EEOC's Compliance Manual does not classify a document such as 000095 as conciliation material.[59] This circumstance alone should have alerted the EEOC of its need to evaluate the document for alternative privileges and assert them if warranted.

Upon consideration of these four factors, the Court finds that the EEOC waived the attorney-client and government deliberative process privileges for the document Bates numbered 000095 by failing to raise these privileges when its discovery response was due. Therefore, Parker Drilling's motion to compel the production of document 000095 will be granted.

## III. Parker Drilling's request for attorney's fees.

Parker Drilling seeks an award of "reasonable costs and fees" associated with its motion to compel.[60] Rule 37(a)(5)(A) generally requires a court to award reasonable costs, including attorney's fees, to the movant if the requested discovery is provided after

---

[59] *See* EEOC Compliance Manual § 83.4(c) ("Remove only information on settlement/conciliation offers received from one party that were not conveyed to the other, such as a charge party's statement of minimum settlement made at intake or a settlement offer by the respondent that EEOC held in abeyance and never conveyed to the charging party.").

[60] Docket 85 (Def. Motion) at 15.

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 13 of 18

a motion to compel is filed.[61]  However, a court shall not award expenses if (1) the movant filed its motion before attempting in good faith to obtain the discovery without court action, (2) the opposing party's nondisclosure was substantially justified, or (3) other circumstances make an award of expenses unjust.[62]  Here, the EEOC provided 96 pages to Parker Drilling, but only after Parker Drilling had filed its motion.

### A. Parker Drilling attempted in good faith to obtain discovery before court action.

In its motion to compel and attached exhibits, Parker Drilling sets out its exchanges with the EEOC over the documents at issue here.[63]  After reviewing these materials, the Court finds that Parker Drilling made a good faith effort to obtain the disputed documents prior to filing its motion to compel.

### B. The EEOC was not substantially justified in initially withholding all of the documents from discovery based on 42 U.S.C. § 2000e-5(b).

A court may not award attorney's fees if a party's "nondisclosure, response, or objection was substantially justified."[64]  "Substantially justified" "describes a position that has a reasonable basis both in law and in fact."[65]

Based on the EEOC's first privilege log, the 96 pages of documents the EEOC has

---

[61] Fed. R. Civ. P. 37(a)(5)(A).

[62] *Id.*

[63] Docket 85 (Def. Motion) at 6–8.

[64] Fed. R. Civ. P. 37(a)(5)(A)(ii).

[65] *Timms v. United States*, 742 F.2d 489, 492 (9th Cir. 1984); *see Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (holding that "substantially justified" means "justified in substance or in the main" and that this formulation "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit").

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 14 of 18

now produced include backpay calculations made by an EEOC investigator, Parker Drilling website content and job announcements, correspondence between Parker Drilling and the EEOC during conciliation efforts, and records of a "conciliation interview" conducted with Mr. McDowell.[66] Parker Drilling asserts that these documents contain "purely factual material," and not "communications or proposals made during the conciliation process."[67] It asserts that the EEOC was not substantially justified in asserting a conciliation privilege as to these documents. Parker Drilling asserts that by eventually producing the documents, the EEOC "implicitly acknowledged that its prior position in refusing to produce the documents was not substantially justified . . . ."[68]

To the extent that the EEOC relied on the public disclosure provision of § 2000e-5(b), such reliance was not substantially justified given the Supreme Court's holding in *Associated Dry Goods*. However, whether the EEOC's reliance on the evidentiary provision of § 2000e-5(b) was substantially justified as to the documents that were initially withheld is a closer question.

The EEOC's response brief relies heavily on the Fifth Circuit cases discussed above, as well as district court decisions that either summarily apply a conciliation privilege or themselves rely on the Fifth Circuit precedents.[69] Yet as discussed above,

---

[66] Docket 86-1 (Privilege Log) at 1–2.

[67] Docket 116 (Def. Reply) at 13 (citing Docket 117 (Saade Dec.) at 3 ¶ 6).

[68] Docket 116 (Def. Reply) at 10; *see id.* at 10–14.

[69] Docket 106 (Pl. Opp.) at 8–16 (citing *EEOC v. U.S. Steel Corp.*, Civil Action 10-12, 2013 WL 625315 *11 (W.D. Pa. 2013) (no analysis); *EEOC v. Hotspur Resorts Nevada, Ltd.*, No. 2:10-cv-02265-RCJ-GWF, 2012 WL 2415541 *5 (D. Nev. June 26, 2012) (citing the Fifth Circuit in determining after *in camera* review that materials were related to conciliation efforts); *EEOC v. Scrub, Inc.*, No. 09 C 4228, 2010 WL 2136807 *5–6 (N.D. Ill. May 25, 2010) (relying on *Branch*);

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 15 of 18

the Fifth Circuit holdings do not provide substantial justification for the EEOC's initial assertion of a conciliation privilege over those documents that are unequivocally purely factual materials, such as excerpts from Parker Drilling's own website. Nor can the EEOC rely on its own regulations or compliance manual to justify withholding a broader range of materials than are covered by the statutory language.[70]

The EEOC also cites *Haykel v. G.F.L. Furniture Leasing Co.*, a pre-*Associated Dry Goods* and *Branch* district court decision from Georgia.[71] There, the employer sought all of the EEOC's file covering conciliation negotiations.[72] The court rejected that discovery

---

*EEOC v. Con-Way Freight, Inc.*, No. 4:07-CV-1638 CEJ, 2008 WL 4066424 *3 (E.D. Mo. Aug. 27, 2008) (summary application of § 2000e-5(b)); *Frazier v. Se. Pa. Transp. Auth.*, Civ.A. No. 84-3004, 1988 WL 117869 *5 (E.D. Pa. Nov. 1, 1988) (relying on *Branch*)).

[70] *See* Docket 85 (Def. Motion) at 11–13 (asserting that EEOC Compliance Manual § 83.4 provides that the "conciliation privilege cannot be asserted to withhold *all* documents from a requesting party but only those that evidence an offer of settlement that was not conveyed"); Docket 106 (Pl. Opp.) at 14 n.7 (responding). The manual provides in pertinent part that the EEOC "[r]emove [before disclosure] only information on settlement/conciliation offers received from one party that were not conveyed to the other, such as a charging party's statement of minimum settlement made at intake or a settlement offer by the respondent that EEOC held in abeyance and never conveyed to the charging party." This guidance provides no justification for withholding purely factual materials. Likewise, 29 C.F.R. § 1601.26(a) provides that "[n]othing that is said or done during and as part of the informal endeavors of the Commission to eliminate unlawful employment practices by informal methods of conference, conciliation, and persuasion may be made a matter of public information by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned."). Because the regulatory text is substantively identical to the underlying statute, the regulatory text is presumed to have the same meaning as the statutory text. *See Gonzales v. Oregon*, 546 U.S. 243, 257 (2006) ("Simply put, the existence of a parroting regulation does not change the fact that the question here is not the meaning of the regulation but the meaning of the statute. An agency does not acquire special authority to interpret its own words when, instead of using its expertise and experience to formulate a regulation, it has elected merely to paraphrase the statutory language.").

[71] 76 F.R.D. 386 (N.D. Ga. 1976).

[72] *Haykel*, 76 F.R.D. at 392.

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 16 of 18

request as "overbroad and unsupported by relevant case authority."[73] The court did not address § 2000e-5(b). Rather, it concluded that "allowing discovery concerning substantive aspects of conciliation negotiations" would serve no purpose except to allow "one party to improperly gain access to inter-office memoranda and other confidential information."[74] Read together with the more recent and more thorough analyses of the Fifth Circuit, *Haykel* does not provide substantial justification for the withholding of purely factual materials from the parties.

The EEOC has presented other justifications for withholding these documents in its response to the motion.[75] However, the sole basis asserted for its withholding of the documents cited in the initial privilege log was "conciliation,"[76] a position the EEOC continued to maintain was justified in its response.[77]

Based on the foregoing, the Court finds that the EEOC was not substantially justified in relying on § 2000e-5(b) to initially withhold those documents that are clearly limited to purely factual matters related to the merits of this controversy.

---

[73] *Id.* at 392–93.

[74] *Id.* at 392. But the court also noted that "we cannot say that any discovery request which defendants might make concerning conciliation negotiation materials would be denied a fortiori . . . ." *Id.* at 392–93.

[75] *See, e.g.*, Docket 106 (Pl. Opp.) at 14–17 (arguing that Parker Drilling is in possession of some of the documents withheld or has the underlying information necessary to replicate work done by the EEOC).

[76] Docket 86-1 (Privilege Log) at 1–2.

[77] Docket 106 (Pl. Opp.) at 9 ("As set out above, the EEOC's privilege log identifies documents withheld pursuant to statute.").

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 17 of 18

### C. An award of expenses would not be unjust.

The Court has found no special circumstances that would make an award of expenses unjust.

## CONCLUSION

For the reasons discussed above, IT IS ORDERED that:

1. The Motion to Compel the production of the documents Bates numbered 000092 and 000093 at Docket 85 is DENIED.

2. The Motion to Compel the production of the document Bates numbered 000095 is GRANTED. The EEOC shall produce the document to Parker Drilling within 7 days of the date of this order.

3. The Motion to Compel the production of all other documents is DENIED as moot.

4. Parker Drilling is awarded reasonable fees and costs associated with obtaining those materials that the EEOC later produced that are unequivocally purely factual matters. Parker Drilling shall submit a declaration and memorandum within 14 days of this order that includes its delineation of those materials it asserts are unequivocally purely factual matters. The EEOC may file a response within 14 days thereafter.

DATED this 22nd day of October, 2014.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order re Motion to Compel
Page 18 of 18