HONORABLE SHARON L. GLEASON

WILLIAM TAMAYO, REGIONAL ATTORNEY
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN FRANCISCO DISTRICT OFFICE
450 GOLDEN GATE AVE., 5 WEST
P.O. BOX 36025
SAN FRANCISCO, CA 94102-3661

JOHN F. STANLEY, SUPERVISORY TRIAL ATTORNEY
CARMEN FLORES, SENIOR TRIAL ATTORNEY
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WA 98104
TEL: (206) 220-6853
FACSIMILE: (206) 220-6911
carmen.flores@eeoc.gov

ATTORNEYS FOR PLAINTIFF


TERRY A. VENNEBERG
3425 HARBORVIEW DRIVE
GIG HARBOR, WASHINGTON 98332
TEL: (253) 858-6601
FACSIMILE: (253) 858-6603
terry@washemploymentlaw.com

ATTORNEY FOR PLAINTIFF-INTERVENOR

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN**
(13: CV-00181-SLG) - page 1 of 18

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 3:13-cv-00181-SLG   Document 266   Filed 03/04/15   Page 1 of 18

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff, and<br><br>KEVIN D. McDOWELL,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>PARKER DRILLING COMPANY<br><br>Defendant. | NO. 3:13-CV-00181-SLG<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN** |

## I. INTRODUCTION

Defendant's *Motion in Limine* to Exclude Testimony of Dr. Andrew Calman, ECF 244, is a *Daubert* motion by any other name. Parker Drilling carefully skirts any mention of Federal Rules of Evidence 702 and 703, governing the testimony of expert witnesses, because it knows that this Court's February 2, 2015 deadline for FRE 702-703 challenges under *Daubert v. Merrell-Dow Pharm., Inc*., 509 U.S. 579, 113 S. Ct. 2786 (1993), has long passed. Once again, Parker Drilling has decided to set its own course in litigating this case. Once again, Parker Drilling has ignored an order with specific dates to accomplish specific tasks. And, once again, this Court should hold Parker Drilling to account by denying this motion.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN**
(13: CV-00181-SLG) - page 2 of 18

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 3:13-cv-00181-SLG   Document 266   Filed 03/04/15   Page 2 of 18

Even if the Court considers the substance of this late-filed motion, denial is appropriate because Dr. Calman's testimony will help the jury understand key evidence, his testimony is relevant, and it is not misleading, prejudicial or confusing.

## II. FACTS

Dr. Andrew Calman is qualified to testify as an expert. He is a Board-certified ophthalmologist with a 24-year career specializing in eye disease including monocular blindness, past President of the California Academy of Eye Physicians and Surgeons, an Associate Examiner for the American Board of Ophthalmology, an Associate Clinical Professor at the University of California, San Francisco, and a teacher of ophthalmic surgery. See Declaration of Carmen Flores in Support of Plaintiffs' Opposition to Defendant's *Motion in Limine* to Exclude Testimony of Dr. Andrew Calman ("Flores Decl.") at ¶ 2 and Exhibit 1 thereto (Calman expert disclosure) at 5. Dr. Calman's specialized knowledge will help the jury understand complicated physiological systems, including the brain's ability to adapt to vision loss of the type that Mr. McDowell sustained in childhood. He will testify to the medical evidence current as of 2010 supporting Kevin McDowell's ability to have performed the essential functions of the tool pusher job in February of that year, when Parker Drilling rejected him because it regarded him as disabled by monocular vision. His testimony, for example, will cite to the extensive medical literature published as of 2010 supporting his expert opinion on Mr. McDowell's abilities. Flores Decl. at ¶ 2, Ex. 1 at 30-31 (citing papers by Steeves (2008), Day (1995), Reed (1996), Gonzalez (2002), etc.). He will testify to the full examination he conducted of Mr. McDowell, the extensive materials he reviewed directly related to the facts of the case, including job

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN**
(13: CV-00181-SLG) - page 3 of 18

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 3:13-cv-00181-SLG   Document 266   Filed 03/04/15   Page 3 of 18

descriptions, deposition testimony, Parker Drilling documents, and related information. Flores Decl. at ¶ 2, Ex. 1 at 6-10, 14-15, 21-29, 32-34.

His qualifications and the effort he expended to support an expert opinion here will stand against those of Dr. Tony Alleman, whose recommendation Parker Drilling accepted in rejecting Kevin McDowell. Dr. Alleman has no such specialized ophthalmologic training; he practices occupational medicine covering a range of subjects. Flores Decl. at ¶ 3, Exhibit 2 thereto, (Alleman deposition at 12-13). Dr. Alleman gathered little beyond the records of a contracting physician's assistant, Tim Atkinson, who conducted an initial physical screen of Mr. McDowell. Flores Decl. at ¶ 3, Ex. 2 at 30-31. He spoke with Mr. Atkinson but has no recollection of what they said. Flores Decl. at ¶ 3, Ex. 2 at 101-02. He reviewed the tool pusher job description. Flores Decl. at ¶ 3, Ex. 2 at 34. He asked Parker Drilling for peripheral vision requirements, though he could not define it precisely and did not know if Parker Drilling had written materials as to those requirements. Flores Decl. at ¶ 3, Ex. 2 at 40-42, 80. He looked up crane operator requirements. Flores Decl. at ¶ 3, Ex. 2 at 47-48. He spoke with Lucille Smith of Parker Drilling. Flores Decl. at ¶ 3, Ex. 2 at 19, 21, 26-28, 31-36. He states in his declaration that he considered whether reasonable accommodation was possible and concluded it was not. ECF 245-1 at 2, ¶ 5. He had a call with Mr. McDowell *after* making the recommendation to reject but did not examine him. Flores Decl. at ¶ 3, Ex. 2 at 52. Nowhere in his declaration does he refer to seeking medical records from Mr. McDowell or speaking with his health care providers. ECF 245-1.

Expert discovery motions were due two weeks after the close of expert discovery, or January 30, 2015. ECF 156, Order of October 16, 2014. The deadline for *Daubert* motions was February 2, 2015. *Id*. Plaintiffs reviewed this motion, filed on February 23, 2015, and

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN
(13: CV-00181-SLG) - page 4 of 18

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TTD: (206) 220-6882

Case 3:13-cv-00181-SLG Document 266 Filed 03/04/15 Page 4 of 18

determined that it amounted to an untimely *Daubert* motion. As soon as was practicable, on February 25, 2015, Plaintiffs asked Parker Drilling to withdraw the motion. Defendant to date has not answered this request. Flores Decl. at ¶ 4-5.

### III. LEGAL ARGUMENT

**A. Parker Drilling Ignored the February 2, 2015 Deadline for *Daubert* Motions**

Parker Drilling has again filed untimely materials with the Court. Expert discovery motions were due two weeks after the close of expert discovery, or January 30, 2015. ECF 156, Order of October 16, 2014. The deadline for *Daubert* motions was February 2, 2015. *Id*. The instant filing amounts to a *Daubert* motion in anything but name, and thus Parker Drilling was obligated to file its *Daubert* challenge on time. The Court should not permit Parker Drilling to once more flout its orders with this late filing.

In opposing Parker Drilling's past dilatory conduct, we have argued to this Court, ECF 170 at 9, that scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Id.* at 610.

The Court's schedule has real meaning to plaintiffs as they prepare for trial based on tasks and obligations that this Court has set. The passing of the February 2 *Daubert* deadline – with no motion filed – allowed plaintiffs to plan trial strategy expecting that any challenge to Dr. Calman would arise only during his trial testimony; no earlier defense of his disclosure or deposition testimony would distract plaintiffs from their trial strategizing and other pretrial work.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN**
(13: CV-00181-SLG) - page 5 of 18

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 3:13-cv-00181-SLG Document 266 Filed 03/04/15 Page 5 of 18

Plaintiffs asked Parker Drilling to withdraw this motion, but Defendant has not responded. Now, we have expended significant time to oppose a motion that Defendant should not have filed.

Parker Drilling has confirmed a pattern with this motion in limine, following so closely the late filing of its proposed damages expert W. Cary Deaton. Parker Drilling's late motion to exclude Dr. Calman, like the untimely offering of the Deaton disclosure, is a matter that the Court should not countenance.

### B. Dr. Calman's Testimony Will Help the Jury Understand Complicated Medical Evidence and Thus Passes the FRE 702 Test.

Even if the Court hears this motion, Dr. Calman's testimony will survive any challenge. FRE 702 provides that expert opinion evidence is admissible if: (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case.

A district court's inquiry into admissibility "is a flexible one." *Pyramid Technologies, Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 813 (9th Cir. 2014), citing *Alaska Rent–A–Car, Inc. v. Avis Budget Grp., Inc.,* 738 F.3d 960, 969 (9th Cir.2013) (citation omitted), *cert. denied,* ––– U.S. ––––, 134 S.Ct. 644, 187 L.Ed.2d 420 (2013). In evaluating proffered expert testimony, the trial court is "a gatekeeper, not a fact finder." *Primiano v. Cook,* 598 F.3d 558, 565 (9th Cir.2010) (citation and quotation marks omitted). [T]he trial court must assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.' " *Id.* at 564 (quoting *Daubert,* 509 U.S. at 597, 113 S.Ct. 2786). "Expert opinion testimony is relevant if the

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN**
(13: CV-00181-SLG) - page 6 of 18

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 3:13-cv-00181-SLG   Document 266   Filed 03/04/15   Page 6 of 18

knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Id.* at 565 (citation and quotation marks omitted).

Like the test for admissibility in general, the test of reliability is also flexible. *Estate of Barabin v. AstenJohnson, Inc.,* 740 F.3d 457, 463 (9th Cir.2014) (en banc). The test "is not the correctness of the expert's conclusions but the soundness of his methodology," and when an expert meets the threshold established by Rule 702, the expert may testify and the fact finder decides how much weight to give that testimony. *Primiano,* 598 F.3d at 564–65.

Dr. Calman's proposed testimony meets the *Daubert* standards test in full. He is qualified by education, training and experience as an ophthalmologist to render an opinion in a case where the plaintiff-intervenor's vision is central to the dispute. Dr. Calman's expertise will help the jury understand complicated medical evidence relating to Kevin McDowell's physical impairment – monocular vision – a matter beyond the common experience and reach of the average lay juror. In particular, Dr. Calman's testimony will help the jury realize how Mr. McDowell's brain has helped him adapt over decades so that his eyesight is well within normal ranges and presented no impediment to performing the tool pusher job in 2010. These adaptations of the brain were fully formed well before February 2010 (indeed through the advantage of having started at childhood, as Dr. Calman will testify). Thus Kevin McDowell's impairment presented no obstacles to the full performance of this job at the time Parker Drilling made its conditional job offer or any other similar job before or since. Thus, Dr. Calman can therefore reliably opine about Mr. McDowell's vision as it presented in 2010, when he had sufficient sight to do all essential functions of this job.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN**
(13: CV-00181-SLG) - page 7 of 18

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 3:13-cv-00181-SLG   Document 266   Filed 03/04/15   Page 7 of 18

Dr. Calman based his opinion on careful review of Mr. McDowell's medical history, an in-person examination of Mr. McDowell, a review of the Parker Drilling tool pusher job at issue, related deposition testimony about the job, related documents in the case, and the deep, core knowledge he possesses as an ophthalmologist. He applied reliable principles in the field of ophthalmology to the facts of this case. Such testimony will not only help the jury understand basic physiology and medical science. It stands in strong contrast to the hasty, ill-formed views of Parker Drilling's contract medical records reviewer, Dr. Tony Alleman.

Dr. Alleman, located thousands of miles from Alaska, looked at the medical screening conducted by a physician's assistant, Tim Atkinson (himself not a qualified medical examiner), consulted briefly with Parker Drilling representative Lucille Smith (herself not a qualified medical examiner) and made a summary decision to reject Kevin McDowell. He performed no medical examination. He requested no records from Mr. McDowell's providers. He is not an ophthalmologist  Dr. Calman, by contrast, "drilled deep" with his careful review of Mr. McDowell's history, his in-person examination, and his literature review, building an opinion based on professional expertise that Mr. McDowell had long been able to see sufficiently for work in this field. In this way, Dr. Calman's testimony is crucial to the theory of plaintiffs' case and provides persuasive counterpoint to Parker Drilling's medical overseer: Dr. Alleman conducted a cursory, unfounded review of Kevin McDowell, not a true individualized analysis of his abilities like Dr. Calman's, leading Parker Drilling to take an ADA-prohibited action against him *solely* because of his impairment.[1]

---

[1] Parker Drilling gave a *sole* contemporaneous reason for failing to hire Mr. McDowell, as pled consistently in its various answers: he was deemed not to be medically qualified. Years later, it now attempts to slip in a second reason: failing a criminal background check. ECF 244 at 3, n.2.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE
TESTIMONY OF DR. ANDREW CALMAN
(13: CV-00181-SLG) - page 8 of 18

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 3:13-cv-00181-SLG   Document 266   Filed 03/04/15   Page 8 of 18

## C. Dr. Calman's Expert Testimony Meets the Requirements of FRE 703.

### 1. *Echazabal* Endorses an Expert's Critique of "Individualized Assessment."

Parker Drilling stresses the obvious about Dr. Calman: he was not involved in Parker Drilling's hiring process. *See., e.g.*, ECF 244 at 1. Defendant would seem to require him to be "on the scene" in 2010 for his opinion to survive a challenge. But expert testimony often arises in litigation, long after a case's core facts have played out. Moreover, FRE 703 permits an expert to base an opinion "on facts or data in the case that the expert *has been made aware of* or personally observed." (Emphasis added.) Thus, as the Supreme Court has recognized: "Unlike an ordinary witness, see Rule 701, an expert is permitted wide latitude to offer opinions, *including those that are not based on firsthand knowledge or observation.*" *Daubert*, 509 U.S. 579, 592, 113 S. Ct. 2786, 2796 (citing to Rules 702 and 703).[2]

Parker Drilling makes this point for plaintiffs by citing to *Echazabal v. Chevron USA, Inc.*, 336 F.3d 1023 (9th Cir. 2003), which reversed summary judgment for the employer and credited the testimony of experts the plaintiff retained for litigation ECF 244 at 7-8. As an initial matter, however, *Echazabal* evaluated the ADA "direct threat" defense. Parker Drilling's

---

The Court should scrutinize carefully this attempt to rewrite history, because footnote 2's primary citing reference is the amended answer filed at ECF 38, and nowhere within that answer does Parker Drilling claim that its conditional job offer to Mr. McDowell was contingent upon passing a criminal background check. The Court should reject Defendant's attempt to muddle the sequence of events here, because preliminary background checks *must precede* the making of a valid conditional job offer that in turn is subject to a medical examination. *See Leonel v. American Airlines, Inc.*, 400 F.3d 702, 709 (9th Cir. 2005) (an offer is not real, *and thus the medical examination is unlawful,* when an offer remains contingent upon non-medical components like criminal background checks).

[2] The implication of FRE 703 in this analysis, which Parker avoids mentioning, simply highlights again that this is a *Daubert* motion.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN**
(13: CV-00181-SLG) - page 9 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

citations to direct threat cases, ECF 244 at 7-9, are somewhat meaningless at this point in that Defendant failed to plead the direct threat affirmative defense and so has waived it. Fed. R. Civ. P. 8(c). A defendant must plead available affirmative defenses in the answer to give "plaintiff[] fair notice of the defense," and the key is whether failure to plead the affirmative defense "specifically deprived [the plaintiff] of an opportunity to rebut that defense or to alter her litigation strategy accordingly." *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010). The inquiry thus turns on prejudice to plaintiff. *Id. See also Nardi v. Stewart*, 354 F.3d 1134, 1140 (9th Cir. 2004) (affirmative defenses must be pled unless Fed. R. Civ. P. 12(b) allows it to be raised on motion; defendant waived statute of limitations defense). As with its untimely background check claim, *supra* at n.1, Parker Drilling now attempts to fold into the case an eleventh-hour affirmative defense that appears nowhere in its various answers, was not litigated during the extensive discovery period, and appears on the eve of trial in a motion in limine. The prejudice is plain. The Court should reject this defense – or any other that may appear so late with no justification.[3]

---

[3] For example, Defendant argues a combined "…concern for its business necessities and direct threat…" ECF 244 at 7. This awkward pairing may suggest separate defenses but, if so, neither should be allowed because neither was pled. Defendant's *Motion in Limine* to Preclude Any Testimony Re: Interactive Process or Reasonable Accommodations, ECF 242, bears on this issue. Plaintiffs have filed a response stating they do not oppose ECF 242 assuming *all* evidence of reasonable accommodation and interactive process is excluded. As plaintiffs argue, this would include any evidence of Parker Drilling's alleged "consideration" of reasonable accommodation during the period when Dr. Alleman evaluated Kevin McDowell's fitness for the position, spoke with Lucille Smith, and then recommended that Parker Drilling reject him because he was medically unqualified. *See* Plaintiffs' Response to Defendant's *Motion in Limine* to Preclude Testimony Re: Interactive Process or Reasonable Accommodations, ECF 264. If the Court grants ECF 242 with the provision that all such evidence is excluded, including Alleman's and Smith's alleged "consideration" of reasonable accommodation, the jury will hear nothing regarding the matter of reasonable accommodation or interactive process obligations as to Kevin McDowell. Proof of direct threat, a qualification standard, requires an employer to consider

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN
(13: CV-00181-SLG) - page 10 of 18

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD (206) 220-6882

Case 3:13-cv-00181-SLG   Document 266   Filed 03/04/15   Page 10 of 18

As far as it goes, Parker Drilling does correctly cite *Echazabal* as primary authority for the analysis of direct threat and its instruction to conduct an "individualized assessment" of the employee's ability to perform the essential functions of the job. But *Echazabal*'s endorsement of experts would apply with equal force to the testimony of Dr. Calman in plaintiffs' case-in-chief because the focus on the "individual" and "individualized assessment" is a cornerstone, generally, of ADA analysis.[4] And in *Echazabal*, the Court pointedly criticized Chevron's supposed "individualized assessment" of plaintiff Echazabal in great part because Chevron erroneously believed its own doctors' advice was "facially reasonable." *Id*. at 1028.

This is exactly Parker Drilling's position in relying on Dr. Alleman's cursory review of Mr. McDowell's abilities. Dr. Alleman simply cannot supply sufficient testimony to rebut plaintiffs' claims as to those abilities. *See Bates v. United Parcel Service, Inc.,* 511 F.3d 974, 991 (9th Cir. 2007) ("Although the plaintiff bears the ultimate burden of persuading the fact finder that he can perform the job's essential functions, we agree with the Eighth Circuit's approach that "an employer who disputes the plaintiff's claim that he can perform the essential

---

whether the standard can be "accomplished by reasonable accommodation." 42 U.S.C. § 12113(a) and (b). Thus, the granting of Defendant's own motion, ECF 242, will preclude evidence of the reasonable accommodation aspect of direct-threat proof. Such proof if presented here would not suffice to prove this aspect in any event. But without such proof, the defense would fail entirely – even if it weren't *already* impermissible for Defendant never having pled it. Defendant's proposed jury instructions are in accord with excluding all such evidence at trial. Parker Drilling argues that it is irrelevant whether it "engaged in the interactive process with McDowell and whether reasonable accommodations *were available or discussed*." ECF 261 at 2. (Emphasis added.) Thus Parker Drilling itself agrees that the jury should hear nothing of Dr. Alleman and Lucille Smith's alleged discussion about reasonable accommodation.

[4] *See generally*, EEOC regulations on the Americans With Disabilities Act, 29 C.F.R. § 1630 *et seq*. *See, e.g.*, the statement of the law's purpose, a "mandate for the elimination of discrimination against *individuals, id*. at 1630.1 (emphasis added); the determination of baseline coverage requiring "individualized assessment," *id*. at 1630.2(j)(1)(iv) and (3)(ii).

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE
TESTIMONY OF DR. ANDREW CALMAN
(13: CV-00181-SLG) - page 11 of 18

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 3:13-cv-00181-SLG Document 266 Filed 03/04/15 Page 11 of 18

functions must put forth evidence establishing those functions." *EEOC v. Wal–Mart,* 477 F.3d 561, 568 (8th Cir.2007)"). Dr. Calman, by contrast, will help the jury understand how Mr. McDowell was able to perform those job functions, a key part of plaintiffs' case-in-chief.

Foremost here, *Echazabal* silences any argument that a medical expert cannot give opinion on past events in an ADA case. Chevron argued precisely as Parker Drilling does that plaintiff's experts (a toxicologist and a specialist in liver disease) should be excluded for having been offered after the alleged discrimination occurred. *Id*. at 1033. "Expert evidence of this nature, however, elucidates the very issue the court must assess—whether the opinion that a direct threat existed was *objectively* reasonable." *Id*. The *Echazabal* experts' opinions were relevant to the state of medical evidence as it existed when the events of the case occurred – opinions that would have been known to a medical evaluator competent to assess an employee's capacity to safely perform a job. *Id*. Like the *Echazabal* experts, but unlike Dr. Alleman, Dr. Calman can so testify.

**2. An Expert's Highly Specialized Training and Demonstration of Gathering "Substantial Information" Will Assist the Factfinder.**

*Echazabal* supports plaintiffs' offering of Dr. Calman in many other ways. Like plaintiffs' experts in that case, Dr. Calman has highly specialized training and experience, qualities that the Ninth Circuit greatly credits. *Id*. at 1032. He can thus offer an "unequivocal assessment," *id*. at 1029, of Kevin McDowell's abilities just as the toxicologist and liver specialist did for the *Echazabal* plaintiff. Dr. Alleman has no such specialized training, nor did the physician's assistant, Tim Atkinson, whose preliminary report Dr. Alleman reviewed.[5]

---

[5] Dr. Alleman is not an expert witness. Parker Drilling has failed to timely disclose any expert witnesses. But Parker Drilling's argument that Dr. Calman should not be allowed to criticize the

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE
TESTIMONY OF DR. ANDREW CALMAN
(13: CV-00181-SLG) - page 12 of 18

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 3:13-cv-00181-SLG   Document 266   Filed 03/04/15   Page 12 of 18

This Circuit has held that an employer must gather "substantial information" about an employee's work history and medical status. *Id.* at 1028, citing *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1248 (9th Cir. 1999). Like the two *Echazabal* experts, Dr. Calman engaged in extensive information gathering by conducting a comprehensive medical evaluation of Kevin McDowell, reviewing facts material to the job at issue and Mr. McDowell's work history, combing the literature in his field, and basing his opinion of years of practice as an ophthalmologist. On the other hand, a "*subjective belief in the existence of a risk, even one made in good faith, will not shield the decisionmaker from liability.*" *Id.* (Emphasis added.) The Court should thus reject Parker Drilling's contrary argument, which it bases on "its good faith reliance on Dr. Alleman's medical recommendation." ECF 244 at 4.[6]

Dr. Alleman gathered nothing close to a "substantial" amount of information. He did not bother to contact any of Mr. McDowell's health care representatives, for example, something that even Chevron did in its losing cause. *Echazabal*, at 1032. He did not consult the literature on vision impairments that was plainly available to him in 2010, as Dr. Calman will emphasize. Parker Drilling's citation to *Jarvis v. Potter*, 500 F.3d 1113, 1122 (10th Cir. 2007), ECF 244 at 8, n30, even if credited as from another Circuit, supports *plaintiffs* on this crucial issue: its "objective reasonableness" standard, *id.*, would require a physician-evaluator to reasonably know

---

"methodology used by [fact witness] Dr. Alleman," ECF 244 at 2, cannot stand. Dr. Alleman's medical judgments, even as a lay witness, go to the heart of the case and are subject to attack by admissible evidence at trial, including reliable and relevant expert testimony.

[6] And therefore the Court should ignore its citations to *Pesterfield v. Tenn. Valley Auth.*, 941 F.2d 437, 443 (6th Cir. 1991), *Smith v. Chrysler Corp.* 155 F.3d 799, 807 (6th Cir. 1998), and *Crocker v. Runyon*, 207 F.3d 314, 319 (6th Cir. 2000), all out-of-Circuit cases applying a different standard. *See* ECF 244 at 10, n.35-36.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN**
(13: CV-00181-SLG) - page 13 of 18

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
(206) 220-6882

Case 3:13-cv-00181-SLG Document 266 Filed 03/04/15 Page 13 of 18

the current medical evidence relating to the subject impairment before disqualifying the applicant who has such an impairment.[7]

Defendant's citation to *Fahey v. Twin City Fan Cos.*, 994 F.Supp.2d 1064, 1073 (D.S.D. 2014), ECF 244 at 8, n30, is especially helpful to Mr. McDowell and the EEOC on this point. After a bench trial, the district court found for plaintiff Fahey, a qualified individual with monocular vision whose conditional job offer was rescinded on facts strikingly aligned with those in this case:

> The court finds Twin City Fan fell short in meeting its obligations under the ADA. Before rescinding its job offer because of an alleged safety issue that stemmed from Fahey's disability, Twin City Fan was required to undertake an individualized analysis that *relied on medical or other objective evidence*…For example, it would have been appropriate for Twin City Fan to learn what specific limitations—particularly with respect to the parts expediter position—Fahey's monocular vision created. *Indeed,* [employer representative] *Steffes admitted that she has never spoken to a doctor or read any literature regarding the limitations monocular vision imposes on the operation of a forklift.* Furthermore, Twin City Fan did not contact Fahey to inquire more into his disability and the specific limitations caused therefrom. The only information Twin City Fan had at the time it made its decision to rescind the offer was the fact that Fahey was blind in his right eye. Because of its failure to make the requisite individualized inquiry, Twin City Fan's ultimate decision to rescind the offer could have only been based on prejudices, stereotypes, or unfounded generalizations.

Id. at 1074-75 (emphasis added). Parker Drilling misses the entire point of *Twin City Fan*. The district court only stated that defendant's reliance on the medical evaluator's later deposition testimony could not be used to prove that Twin City Fan conducted a reasonable inquiry *at the time* it decided to reject Fahey. *Id*. at 1073. Indeed, "Dr.

---

[7] *Jarvis* is also completely at odds with Parker Drilling's citations to "good faith belief" cases, *supra* at n.6: "In evaluating an employer's direct-threat contention, the fact-finder does not independently assess whether it believes that the employee posed a direct threat. Nor must it accept the contention just because the employer acted in good faith in deciding that the employee posed such a threat." *Jarvis*, 500 F.3d at 1122, citing *Bragdon v. Abbott*, 524 U.S. 624, 629 (1998).

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN
(13: CV-00181-SLG) - page 14 of 18

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Case 3:13-cv-00181-SLG Document 266 Filed 03/04/15 Page 14 of 18

Edinger's after-the-fact deposition testimony would be relevant in determining the objective reasonableness of Twin City Fan's decision, if necessary. Whether Twin City Fan's decision was objectively reasonable is different from the issue of whether Twin City Fan met its obligations under the ADA by performing an individualized inquiry." *Id*. at 1074, n.9.

Parker Drilling even appears to argue, ECF 244 at 11, that Mr. McDowell should have hired his *own* expert in the short time between the initial fitness screen in Anchorage (January 25, 2010) and Dr. Alleman's decision to reject him (February 3, 2010). This is an absurd formulation that shifts from the employer to the employee the obligation to gather substantial information before an adverse employment decision is made. Plaintiff Echazabal faced a similarly punitive test in virtually the same tight time period (January to early February), which the Ninth Circuit soundly rejected: "Given the short period of time between Echazabal's physical and Chevron's withdrawal of its job offer, it is not surprising that Echazabal was unable to marshal expert medical opinion that he could work safely in the coker unit." *Id*. at 1026, n.1.

Finally, Dr. Alleman paid short shrift, if at all, to Mr. McDowell's extensive work history. Reviewing past, related employment is an important facet of the vetting process that *Echazabal* found lacking. *Id*. at 1032. So it is here.

//
//
//
//
//
//

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN**
(13: CV-00181-SLG) - page 15 of 18

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
(206) 220-6882

Case 3:13-cv-00181-SLG Document 266 Filed 03/04/15 Page 15 of 18

## IV. CONCLUSION

Defendant has filed a *Daubert* motion in the guise of a motion in limine because it once again missed a crucial court-ordered deadline. The Court should deny the motion on that basis alone.

The Court should also deny the motion on substance, if it chooses to hear the matter. The only question here is whether Parker Drilling subjected a "qualified" applicant to an adverse employment action because of an actual or perceived impairment. The answer is yes in this case: Parker Drilling admits that it failed to hire Mr. McDowell because he was not deemed to be medically qualified; no affirmative defenses are available to it. Dr. Calman will help explain to the jury why Kevin McDowell was "qualified" under the ADA. To do so he will tell the jury how Mr. McDowell – at the time of his application, long before he applied, and long after – has been able to see sufficiently to work on rigs, as he would have been here as a tool pusher for Parker Drilling. Dr. Calman's testimony is directly relevant to the inquiry about Mr. McDowell's abilities to perform the essential functions of the tool pusher job, and his methodical assessment of Mr. McDowell's impairment will stand in stark contrast to Dr. Alleman's. Moreover, Dr. Calman will highlight the state of medical evidence as it existed when Dr. Alleman, unqualified to assess Mr. McDowell and unwilling to seek out opinions to shed light on his abilities to perform the job, made the hasty and unsubstantiated decision to recommend that Parker Drilling reject Mr. McDowell. For these reasons, the Court should deny Parker Drilling's motion in limine.

//

//

//

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN**
(13: CV-00181-SLG) - page 16 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
(206) 220-6882

Case 3:13-cv-00181-SLG Document 266 Filed 03/04/15 Page 16 of 18

RESPECTFULLY SUBMITTED this 4th day of March, 2015.

| | |
|---|---|
| WILLIAM R. TAMAYO<br>Regional Attorney | P. DAVID LOPEZ<br>General Counsel |
| JOHN F. STANLEY<br>Supervisory Trial Attorney | JAMES L. LEE<br>Deputy General Counsel |
| CARMEN FLORES<br>Senior Trial Attorney | GWENDOLYN Y. REAMS<br>Associate General Counsel |
| MAY CHE<br>Senior Trial Attorney | |

BY: */s/John F. Stanley*
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| 909 First Avenue, Suite 400<br>Seattle, WA 98104-1061<br>Telephone (206) 220-6853<br>Facsimile (206) 220-6911<br>carmen.flores@eeoc.gov | Office of the General Counsel<br>131 M Street, N.E.<br>Washington, D.C. 20507 |

Attorneys for Plaintiff

/s/ *Terry A. Venneberg*
TERRY A. VENNEBERG
Alaska Bar No. 8706056
3425 HARBORVIEW DRIVE
GIG HARBOR, WASHINGTON 98332
TEL: (253) 858-6601
FACSIMILE: (253) 858-6603
terry@washemploymentlaw.com

Attorney for Plaintiff-Intervenor

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN**
(13: CV-00181-SLG) - page 17 of 18

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
(206) 220-6882

Case 3:13-cv-00181-SLG   Document 266   Filed 03/04/15   Page 17 of 18

# CERTIFICATE OF SERVICE

I hereby certify that on **March 4th, 2015** I electronically filed the foregoing document titled **"PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN"** with the Clerk of the Court using the CMF/ECF system, which will send notice of such filing to the following individuals listed below:

Renea I. Saade (Bar No. 0911060)
STOEL RIVES LLP
510 L. Street, Ste. 500
Anchorage, AK 99501
Telephone (907)277-1900
Facsimile (907) 277-1920
risaade@stoel.com

*/s/Rebecca Eaton*
*EEOC Legal Technician*

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE TESTIMONY OF DR. ANDREW CALMAN**
(13: CV-00181-SLG) - page 18 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD (206) 220-6882

Case 3:13-cv-00181-SLG   Document 266   Filed 03/04/15   Page 18 of 18