IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> and <br><br> KEVIN D. MCDOWELL, <br><br> Intervenor-Plaintiff, <br><br> v. <br><br> PARKER DRILLING COMPANY, <br><br> Defendant. | Case No. 3:13-cv-00181-SLG |

## ORDER RE MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court at Docket 202 is Parker Drilling's Motion for Partial Summary Judgment as to EEOC's Claims. The EEOC opposed on February 17, 2015, and Parker Drilling replied on February 27, 2015.[1] Also before the Court at Docket 204 is Parker Drilling's Motion for Judicial Notice. Oral argument was not requested on either motion and was not necessary to the Court's decision. For the reasons stated below, Parker Drilling's motion for partial summary judgment will be denied. Parker Drilling's motion for judicial notice will be granted in part and denied in part.

## BACKGROUND

In January 2010 Plaintiff-Intervenor Kevin McDowell sought employment with Parker Drilling's Alaska operations. Mr. McDowell is blind in his left eye. Parker Drilling

---
[1] Docket 218 (Opp.); Docket 252 (Reply).

extended a conditional offer of employment as a Tool Pusher to Mr. McDowell, but withdrew that offer after it received the results of a post-offer medical evaluation that found him unfit for the position based on his visual impairment.[2] Mr. McDowell filed a charge of discrimination with the EEOC in February 2010. In June 2010 Mr. McDowell and Parker Drilling participated in a mediated settlement conference that did not include the EEOC and did not resolve Mr. McDowell's claims.[3]

Between April 2010 and September 2012, the EEOC investigated Mr. McDowell's charge.[4] On September 14, 2012, the EEOC issued a determination concluding that there were sufficient facts to substantiate Mr. McDowell's charge.[5] The EEOC and Parker Drilling then exchanged conciliation correspondence in an effort to settle Mr. McDowell's charge, the details of which are recounted in the discussion below. On April 12, 2013, the EEOC informed Parker Drilling that it had "determined that efforts to conciliate . . . have been unsuccessful."[6] This suit was filed by the EEOC on September 18, 2013.[7]

## DISCUSSION

**I. Jurisdiction**

This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because it is a civil action arising under federal law.

---

[2] Docket 1 (Compl.) at 3–4 ¶ 9.

[3] Docket 202 (Motion) at 2–3.

[4] Docket 203-4 (EEOC Caselog).

[5] Docket 203-5 (Determination Letter).

[6] Docket 203-12 (Ex. L).

[7] Docket 1 (Compl.).

## II. Legal Standards

Parker Drilling's primary motion is styled as a motion for partial summary judgment. However, the Ninth Circuit has held that in civil suits to enforce federal discrimination laws, "[g]enuine investigation, reasonable cause determination and conciliation are jurisdictional conditions precedent to suit by the EEOC."[8] A recent, comprehensive analysis by the United States District Court for the District of Hawai'i examined whether the issue of adequate conciliation is a jurisdictional question or a question related to the merits of an EEOC action. That district court concluded that the issue is one of subject matter jurisdiction.[9] The Court agrees with that analysis, adopts it, and accordingly treats Parker Drilling's motion as a subject matter jurisdictional challenge under Federal Rule of Civil Procedure ("FRCP") 12(b)(1).

FRCP 12(b)(1) allows a party to seek dismissal of a complaint for lack of subject matter jurisdiction. Parker Drilling maintains that the EEOC's claims against it should be dismissed due to the EEOC's failure to meet its prerequisite obligation to adequately conciliate prior to filing suit under 42 U.S.C. § 2000e-5b.

42 U.S.C. § 2000e-5(b) provides in relevant part:

> Whenever a charge is filed by or on behalf of a person claiming to be aggrieved . . . the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer . . . (hereinafter referred to as the "respondent") within ten days, and shall make an investigation thereof. . . . If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.

---

[8] *EEOC v. Pierce Packing Co.*, 669 F.2d 605, 608 (9th Cir. 1982).

[9] *EEOC v. La Rana Hawaii, LLC*, 888 F. Supp. 2d 1019, 1038–44 (D. Hawai'i 2012).

Section 2000e-5(f)(1) provides in relevant part:

> If within thirty days after a charge is filed with the Commission . . . the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge.

Several circuit courts have interpreted these provisions to create a "failure-to-conciliate defense." Within these courts, some circuits evaluate conciliation under a "searching three-part inquiry" while others require only "a minimal level of good faith" in conciliation efforts prior to the filing of suit.[10] In contrast to these circuits, the Seventh Circuit has held that the EEOC's efforts to conciliate are not subject to judicial review, a holding currently under review by the Supreme Court.[11] The Ninth Circuit has not addressed this aspect of § 2000e-5, and the district courts in this circuit have applied various approaches.[12]

The split between the circuits and the Supreme Court's grant of certiorari demonstrate that reasonable minds have reached different conclusions on the legal import of § 2000e-5's conciliation provisions. But this Court need not determine the contours of § 2000e-5's requirements if the EEOC's conciliation attempts with Parker Drilling in this case meet the most rigorous of the approaches applied by any of the circuits that have addressed the issue.[13] Accordingly, the Court examines the EEOC's efforts in this case under that approach.

---

[10] *See EEOC v. Mach Min., LLC*, 738 F.3d 171, 182 (7th Cir. 2013) (collecting cases).

[11] *Id.* at 178, *cert. granted* 134 S. Ct. 2872 (2014).

[12] *See La Rana Hawaii*, 888 F. Supp. 2d at 1044–45 (collecting cases).

[13] *Cf. id.* at 1045 ("The Court need not decide the appropriate standard, because, under either the deferential approach or [the more rigorous] three-part approach, the Court finds that the EEOC failed to conciliate in good faith.").

The more rigorous approach to evaluating the adequacy of the EEOC's efforts at conciliation pursuant to § 2000e-5 applies a three-part inquiry.[14] The Eleventh Circuit has concisely set out that approach as follows:

> To satisfy the statutory requirement of conciliation, the EEOC must (1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer. In evaluating whether the EEOC has adequately fulfilled this statutory requirement, the fundamental question is the reasonableness and responsiveness of the EEOC's conduct under all the circumstances.[15]

In regard to the separate motion for judicial notice, Federal Rule of Evidence 201 permits a court to judicially notice a fact that is not subject to reasonable dispute because it is generally known within the court's jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

### III. Request for Judicial Notice

Parker Drilling has requested that the Court take judicial notice of a collection of EEOC press releases, articles, and judicial documents from other courts in support of its Motion for partial Summary Judgment. For the reasons stated in Parker Drilling's reply brief, the Court will grant that request to the extent required to rule on the motion as to all documents except three.[16] The three excepted documents are (1) a report on EEOC-initiated litigation by law firm Seyfarth Shaw, and (2) two Bloomberg BNA articles regarding the EEOC.[17] The Court finds that Parker Drilling has failed to demonstrate that

---

[14] *Mach Min.*, 378 F.3d at 182.

[15] *EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1259 (11th Cir. 2003) (internal citations and quotation marks omitted).

[16] Docket 250 (Reply).

[17] Docket 203-15; Dockets 203-17–18.

the factual assertions set out in these three documents are not subject to reasonable dispute and accordingly the Court declines to take judicial notice of them.

## IV. Challenge to the Adequacy of EEOC's Conciliation Efforts

As discussed above, although it does not adopt that standard as controlling, the Court evaluates the EEOC's effort to conciliate its charge against Parker Drilling under the more rigorous three-part inquiry applied by several circuits—because if the conciliation efforts meet that standard then the Court clearly has subject matter jurisdiction over the EEOC's claims in this action.

### A. *EEOC's responsibility to outline the charge to Parker*

The first requirement for adequate conciliation under the three-part test is that the EEOC outline to the employer the reasonable cause for its belief that Title VII has been violated.

In this case, in a letter dated September 14, 2012, the EEOC notified Parker Drilling of its determinations that (1) Mr. McDowell was a "qualified individual" under the ADA based on his vision impairment and met all the qualifications for the position for which he applied; (2) that Parker Drilling did not hire Mr. McDowell because of his visual impairment and Parker Drilling's determination that his impairment "posed a direct threat to [Mr. McDowell] and other employees working on the rig floor"; and (3) that Mr. McDowell's work history and demonstrated ability to work in the position offered, with or without reasonable accommodation, undermined Parker Drilling's explanation for having denied employment to Mr. McDowell.[18] Based on the foregoing, the EEOC informed Parker

---

[18] Docket 203-5 (Determination Letter) at 1.

3:13-cv-00181-SLG, *EEOC, et al. v. Parker Drilling Co.*
Order Re Motion for Partial Summary Judgment
Page 6 of 15

Drilling "the evidence supports that [Mr. McDowell] was denied employment in violation of the ADA because of his disability, and/or because [Parker Drilling] regarded [Mr. McDowell] as having a disability."[19]

The Court finds that in sending this letter, the EEOC adequately outlined to Parker Drilling a reasonable cause for the EEOC's belief that Title VII had been violated.

### B. EEOC's responsibility to offer an opportunity for voluntary compliance

The second requirement for adequate conciliation under the more searching three-part test is that the EEOC offer a respondent an opportunity for voluntary compliance.

The record reflects that the EEOC and Parker Drilling exchanged formal communications through counsel regarding conciliation between December 7, 2012 and April 12, 2013. In a letter dated December 7, 2012, the EEOC outlined its initial offer of settlement. The EEOC proposed that Parker Drilling agree to certain specified training, reporting, hiring policy, and employee notification requirements. On behalf of Mr. McDowell, the EEOC also sought $354,617.74 in estimated back pay and $150,000 in compensatory and punitive damages for emotional distress.[20] In explaining the basis for the amount of back pay requested, the EEOC stated:

> When [Parker Drilling] rescinded the offer of employment, [Mr. McDowell] was without employment for a period of time and subsequently obtained a position with a salary much lower than the $155,000 a year Tool Pusher position [Parker Drilling] rescinded from [Mr. McDowell]. As a result, [Mr. McDowell] is seeking $354.617.74 (from January 29, 2010, to August 18, 2012) in backpay, including interest, projected bonuses and a 15 percent annual cost of living raise, and a

---

[19] *Id.*

[20] Docket 203-6 (Ex. F) at 1–2.

>    job offer from [Parker Drilling] for the position of Tool Pusher
>    at a pay rate commensurate for a third year Tool Pusher.[21]

In a letter dated December 19, 2012, Parker Drilling responded to the EEOC. The response set forth Parker Drilling's commitment to being an equal opportunity employer. The letter also referred to the medical evaluation of Mr. McDowell as the basis for Parker Drilling's actions, and concluded as follows:

> Parker Drilling remains willing to discuss and explore a reasonable resolution to this matter. However, the proposal you have submitted appears to greatly exceed everything Mr. McDowell could even potentially recover is he was successful in litigation, a truly dubious prospect considering the evidence, the law, and your own Commission's guidance.[22]

Parker Drilling's December 19 letter did not include a counter-offer for settlement. In its summary judgment briefing, Parker Drilling characterizes this letter as "in good faith asking for an explanation as to how the EEOC came up with its settlement demand of one-half a million dollars."[23] But the Court cannot find any such request in this letter.

In a letter dated January 29, 2013, the EEOC responded to Parker Drilling's letter, stating:

> Your letter did not provide any indication of what your client considers a reasonable resolution. Accordingly, the Commission respectfully requests that you provide a specific offer as to monetary and injunctive relief that your client is willing to offer as a resolution. It is apparent from your December 19, 2012, letter that the respondent has reservations regarding the Commission's proposed monetary relief. The Commission based the monetary relief proposal on the information available at that time. We would welcome any good faith offers your client is willing to put forward.[24]

---

[21] *Id.* at 2.

[22] Docket 203-7 (Ex. G) at 2.

[23] Docket 202 (Motion) at 4.

[24] Docket 203-8 (Ex. H) at 1

Parker Drilling responded in turn in a letter dated February 12, 2013, in which it stated:

> As you are aware, Parker Drilling respectfully, but vehemently, disagrees with the EEOC's findings in this matter, as well as its description of the underlying facts at issue.
>
> . . .
>
> I am sure you can imagine my client's surprise when the Commission issued its opening conciliation proposal of more than one-half of a million dollars in monetary relief and several non-monetary concessions. At that great amount of money, I am not optimistic the sides will be able to bridge [the] wide gap the Commission has created through its initial proposal. Due to the great disparity between the side's beliefs in this matter, Parker Drilling did not accept the Commission's first offer.
>
> Now, the Commission has requested Parker Drilling submit some proposal for resolution, which Parker Drilling submits in aid of resolution. Parker Drilling certainly remains willing to discuss a reasonable resolution to this matter. In that regard, and to avoid continuing legal expenses, Parker Drilling is prepared to pay Mr. McDowell $10,500, or one month's salary for the position for which he had applied.[25]

The EEOC replied in a letter dated March 7, 2013, which included the following:

> While the Commission appreciates your expressed interest in reaching a reasonable resolution to the charge, Parker Drilling's $10,500 offer does not provide the appropriate remedy that is consistent with the Respondent's discriminatory practices, which resulted in substantial loss of income, and compensatory damages as well. In our continued efforts to resolve this matter, the Commission is willing to lower its counteroffer to $475,000, with our previous conciliation requirements of policy changes, training, and posting of notice to employees, to resolve all issues and provide remedy to Mr. McDowell. . . . If Parker Drilling is interested in conciliating the above charges it must respond to this proposal, in writing, by March 22, 2013. If we do not receive an offer which provides substantive remedy to Mr. McDowell, we may refer the case to our legal unit for review of further actions to obtain appropriate relief for Mr. McDowell.[26]

---

[25] Docket 203-9 (Ex. I) at 1.

[26] Docket 203-10 (Ex. J) at 1.

Parker Drilling's response in a letter dated March 22, 2013, stated:

> In light of the EEOC's two proposals submitted thus far, it appears clear to me there is likely to be too great a gap between each side's respective positions to reach a settlement agreement and Parker Drilling is willing to address these issues to a federal court. However, Parker Drilling remains willing to work with the EEOC in an effort to resolve this matter, provided you understand that the company will not pay several hundreds of thousands of dollars to settle this matter.
>
> Parker Drilling remains staunchly opposed to the Commission's findings in this matter.
>
> . . .
>
> That said, Parker Drilling remains interested in conciliating the above-referenced matter and, by this letter, is offering to pay [Mr. McDowell] $12,500. By this offer, Parker Drilling does not admit to any liability in this matter and still denies that there is any legal liability on its part.[27]

In a letter dated April 12, 2013, the EEOC informed Parker Drilling that it had "determined that efforts to conciliate the above referenced charge as required by the Americans with Disabilities Act of 1990 (ADA), as amended, have been unsuccessful" and that "further conciliation efforts would be futile or non-productive."[28]

In its partial summary judgment motion, Parker Drilling's central challenge to the EEOC's failure to provide an opportunity for voluntary compliance is that the "EEOC's failure to provide any basis, let alone sufficient basis for its half a million dollar settlement demands, does not meet its statutory duty to conciliate in good faith."[29]

---

[27] Docket 203-11 (Ex. K) at 1–2.

[28] Docket 203-12 (Ex. L) at 1.

[29] Docket 202 (Motion) at 12.

Parker Drilling cites to *La Rana Hawaii* for support. In *La Rana Hawaii*, an alleged EEOC failure to conciliate was asserted by employers in a motion to dismiss the EEOC's claims. The district court found that "the EEOC failed to conciliate in good faith when it failed to provide either Defendant with any information with which they could evaluate the EEOC's claims."[30] The court elaborated as follows:

> Despite Defendants' repeated requests, the EEOC did not furnish information regarding the class of unnamed aggrieved individuals, the allegedly unlawful acts, or any other fact that would put Defendants on notice of the class or its claims. The EEOC's obstinate refusal to offer any information, including the results of its investigation, does not demonstrate a willingness to work toward settlement, because a fundamental element of working toward settlement is providing a reasonable amount of information to make settlement a possibility.[31]

Parker Drilling asserts that "[t]he need for employers to know the basis of a complainant's alleged damages or the settlement demand asserted by the EEOC is obvious. Without such information, there is no way for the parties to conciliate in a meaningful manner. Any defendant in any litigation needs to know the extent of the plaintiff's damages before an intelligent settlement assessment can be made."[32] Parker Drilling also asserts that "the EEOC also cannot generically respond to an employer's request for a basis for the EEOC's calculations by stating that the demand is comprised of 'back pay, compensatory damages and front pay' without setting out a basis for its calculations."[33]

---

[30] *La Rana Hawaii*, 888 F. Supp. 2d at 1045.

[31] *Id.* (internal citations and quotation marks omitted).

[32] Docket 202 (Motion) at 14–15.

[33] *Id.* at 16 (citing *EEOC v. Swissport Fueling, Inc.*, 916 F. Supp. 2d 1005, 1043 (D. Ariz. 2013)).

Several facts distinguish the circumstances of this case from the district court cases on which Parker Drilling relies. First, in *La Rana Hawaii* and Parker Drilling's other cited case, *EEOC v. Bloomberg*,[34] the information deficit that resulted in the respondents being unable to evaluate the EEOC's claims stemmed from a lack of information about the size of the class the EEOC was litigating on behalf of and the claims made by persons in that class. By contrast, this case involves a single, identified individual with a specifically articulated claim. And unlike in Parker Drilling's cited case *EEOC v. Swissport Fueling*, the EEOC set out in its December 19, 2012 conciliation letter the factors it included in its back pay calculation. In light of these facts, Parker Drilling had sufficient information to be able to evaluate the reasonableness of the EEOC's settlement proposal. Indeed, Parker Drilling's statement that "the proposal you have submitted appears to greatly exceed everything Mr. McDowell could even potentially recover if he was successful in litigation" indicates that Parker Drilling in fact did make some evaluation of Mr. McDowell's claim. In summary, the Court finds that the EEOC provided sufficient information for Parker Drilling to evaluate the EEOC's charge and respond.[35] Based on the foregoing, the Court finds that the EEOC offered Parker Drilling an adequate opportunity for voluntary compliance through the conciliation process.

//

---

[34] 751 F. Supp. 2d 628, 641 (S.D.N.Y. 2010).

[35] Parker Drilling raises the EEOC's request for $150,000 in compensatory and punitive damages as an additional complication to evaluating the merits of the EEOC's settlement offer. Docket 202 (Motion) at 4. The EEOC did not provide a basis for these damages to the same level of detail as it did for its equitable claim. However, the Court views the EEOC's request for compensatory and punitive damages as secondary to its core discrimination claim and the associated equitable remedies. And plaintiffs in civil litigation routinely request damages for emotional distress and punitive damages without articulating precise bases for the amount of damages sought.

### C. EEOC's obligation to respond reasonably and flexibly to the reasonable attitudes of Parker Drilling

The third requirement of adequate conciliation under the more searching three-part test is that the EEOC respond reasonably and flexibly to the reasonable attitudes of Parker Drilling.

At its heart, Parker Drilling's challenge to the EEOC's conciliation efforts focuses on whether the EEOC's offers of conciliation were made in good faith. Parker Drilling asserts that "[t]he EEOC's 'take it or leave it' stance to conciliation does not meet the statutory obligations to proceed in good faith."[36]

From the record before the Court, it is apparent that during the conciliation process, the EEOC and Parker Drilling viewed the merits of Mr. McDowell's claim and the appropriate equitable and legal remedies very differently. The EEOC evaluated Mr. McDowell's claim as meritorious and deserving of significant remedy, while Parker Drilling viewed the claim as non-meritorious and warranting a remedy only to defray greater potential litigation costs. The EEOC's obligation to seek conciliation in good faith does not require it to convince a respondent of the merits of its position nor to compromise claims it considers meritorious for the sake of avoiding litigation. And while Parker Drilling repeatedly emphasizes in its briefing that it made requests for a more detailed explanation of the basis for the EEOC's settlement demands, the Court does not find such requests reflected in Parker Drilling's conciliation correspondence. As discussed above, the EEOC adequately explained its position and exchanged multiple correspondences with Parker Drilling during the conciliation process. When Parker Drilling clearly communicated in its

---

[36] Docket 202 (Motion) at 17.

March 22, 2013 letter that in its view "there is likely to be too great a gap between each side's respective positions to reach a settlement agreement," the EEOC concluded that further attempts at conciliation were unlikely to be fruitful. The Court finds that the EEOC's responses to Parker Drilling's conciliation correspondence and its eventual conclusion that conciliation had failed were reasonable under these circumstances.

Parker Drilling's briefing also emphasizes the EEOC's September 18, 2013 press release related to this suit and the EEOC's failure to "reconvene the conciliation discussions" after this suit was filed. It suggests that these actions by the EEOC demonstrate that the agency never had any intent to reach an agreement with Parker Drilling during conciliation.[37] The EEOC's post-suit press release does not support an inference that its earlier conciliation efforts were made in bad faith, and post-suit efforts to settle this case have no bearing on whether the EEOC's pre-suit conciliation efforts were adequate.

## CONCLUSION

After reviewing the record and applying the more searching approach to conciliation review that has been adopted by several circuits, the Court concludes that the EEOC's approach to conciliation was reasonable and responsive in light of all the circumstances.[38] Accordingly, the Court concludes that, to the extent that adequate conciliation is a jurisdictional pre-condition to this suit, the EEOC met that pre-condition

---

[37] Docket 202 (Motion) at 5–7.

[38] The Court emphasizes that it is not determining whether this more searching test is the proper means of evaluating conciliation pursuant to § 2000e-5, or even whether any such evaluation is an appropriate subject for judicial review. Rather, it finds that even if this more rigorous test is applied, the EEOC's conciliation efforts in this case were adequate.

before filing suit in this case and the Court has jurisdiction. Therefore, IT IS ORDERED that:

1. Parker Drilling's Request for Judicial Notice at Docket 204 is GRANTED except as to the documents at Docket 203-15, 203-17, and 203-18; and

2. Parker Drilling's Motion for Partial Summary Judgment at Docket 202 is DENIED.

DATED this 20th day of March, 2015.

                                              */s/ Sharon L. Gleason*
                                              UNITED STATES DISTRICT JUDGE